IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 30 1997

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARK BAILEY, D. C., TODD BOYD, D. C., § | |
| CURTIS COOK, D. C., ALEJANDRO LEAL, § | |
| ROSA CARTRIGHT, D/B/A RITA'S HAIR § | |
| DESIGN d/b/a EXCLUSIVE HAIR DESIGNS, § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. B-97-206 |
| vs. § | |
| § | |
| DAN MORALES, as Attorney General of the § | |
| State of Texas, § | |
| Defendant. § | |

## DEFENDANT'S RESPONSE TO
## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

TO THE HONORABLE COURT:

Defendant, Dan Morales, as Attorney General of the State of Texas, hereby files his response to the motion for preliminary injunction of Mark Bailey, D. C., Todd Boyd, D. C., Curtis Cook, D. C., Alejandro Leal, and Rosa Cartright, Plaintiffs, and shows the following:

Because there has been no showing of a threat of enforcement of House Bill 1327 against Plaintiffs, there is a real question whether Plaintiffs have made a showing of irreparable injury. *See Steffel v. Thompson*, 415 U.S. 452, 463 n.12, 94 S. Ct. 1209, 1218 n.12 (1974) (Brennan, J.) ("There is some question . . . whether a showing of irreparable injury might be made in a case where, although no prosecution is pending or impending, an individual demonstrates that he will be required to forgo constitutionally protected activity in order to avoid arrest.") The cases cited by Plaintiffs in their briefing relate to the propriety of declaratory relief rather than injunctive relief, so they are not dispositive of Plaintiffs' request for a preliminary injunction. The undersigned counsel has found no helpful case law on the issue of whether irreparable injury is shown by the chilling effect of the

enactment of a criminal statute on a plaintiff's First Amendment rights in the absence of some threat of enforcement.

Regardless of the answer to this question, however, there is a separate ground for denial of injunctive relief. This Court lacks subject-matter jurisdiction to grant injunctive relief in this case because Plaintiffs have failed to bring a "case or controversy" before the Court in that they have not joined a defendant who is authorized to enforce House Bill 1327. "It is fundamental that the federal courts do not decide abstract, hypothetical, or contingent questions, *Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 461, 65 S.Ct. 1384, 1389, 89 L.Ed. 1725 (1945), which is but another way of stating the requirement for a justiciable case or controversy under Art III, § 2 of the Constitution." *Halder v. Standard Oil Co.*, 642 F.2d 107, 110 (5th Cir. 1981). "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 453 (1908).

The Texas Constitution vests authority to enforce the criminal statutes generally in the county attorneys and district attorneys, not in the attorney general. *See* Tex. Const. art. IV, § 22; art. V, § 21; *Lone Starr Multi Theatres, Inc. v. Texas*, 922 S.W.2d 295, 298 (Tex. App.--Austin 1996, no writ). Nothing in the constitution or statutes of the State of Texas gives Defendant the authority to enforce section 38.01 or 38.12 of the Texas Penal Code, as amended by House Bill 1327 of the Seventy-fifth Legislature. Without the joinder of a party that is authorized to enforce the statute, there is no justiciable case or controversy before this Court.

An injunction binds only the parties and their privies, and other persons cannot be enjoined simply by naming them in the decree. *Le Tourneau v. N.L.R.B.*, 150 F.2d 1012, 1012 (5th Cir. 1945). This Court is powerless to enjoin the authorities who are authorized to enforce House Bill 1327 without their joinder as parties to this suit. *See Yarnell v. Hillsborough*, 70 F.2d 435, 438 (5th Cir. 1934).

WHEREFORE, Defendant prays that the Court deny Plaintiffs' motion for a preliminary injunction and grant Defendant any other relief he is entitled to receive.

> Respectfully submitted,
>
> DAN MORALES
> Attorney General of Texas
>
> JORGE VEGA
> First Assistant Attorney General
>
> LAQUITA A. HAMILTON
> Deputy Attorney General for Litigation
>
> TONI HUNTER
> Chief, General Litigation Division
>
> *[signature]*
> JAMES B. PINSON
> Texas Bar No. 16017700
> Assistant Attorney General
> General Litigation Division
> P.O. Box 12548, Capitol Station
> Austin, Texas 78711-2548
> (512) 463-2120
> (512) 320-0667 facsimile
>
> ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by first-class mail on September 29, 1997, to the following person:

Mr. Martyn B. Hill
3150 Two Houston Center
909 Fannin
Houston, Texas 77010

JAMES B. PINSON
Assistant Attorney General