IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 0 1997

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARK BAILEY, D. C., TODD BOYD, D.C., § <br> CURTIS COOK, D.C., ALEJANDRO LEAL, § <br> ROSA CARTRIGHT, d/b/a RITA'S HAIR § <br> DESIGN, d/b/a XCLUSIVE HAIR DESIGNS § <br>     Plaintiffs, § <br> § <br> VS. § <br> § <br> DAN MORALES, as Attorney General § <br> of the State of Texas, § <br>     Defendant § <br> § <br> In his Respective Official Capacity. § | CIVIL ACTION NO. <br><br> B-97-206 |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION &, ALTERNATIVELY,
MOTION FOR LEAVE TO JOIN ANY OTHER NECESSARY DEFENDANTS**

TO THE HONORABLE COURT:

A.  <u>Injunctive Relief</u>

Defendant Morales' Memorandum addresses the entire injunction issue by simply stating that "there is a real question whether Plaintiffs have made a showing of irreparable injury." Defendant's Memorandum does not even allege a single harm to Defendants as a result of issuing injunctive relief. Thus, without more, balancing the alleged harms demonstrates that Plaintiffs are entitled to injunctive relief.

Defendant's Memorandum then suggests that the Court review *Steffel v. Thompson*, 415 U.S. 452, 463 n.12, 94 S.Ct. 1209, 1218 n.12 (1974)(Brennan, J.) This is the same case cited by Plaintiffs in the section dealing with declaratory relief.

/30

*Steffel* does not suggest, however, that injunctive relief is inappropriate under the circumstances of the present case. The *Steffel* quotation cited by Defendants was preceded by an analysis suggesting that "in those cases where injunctive relief has been sought to restrain imminent, but not yet pending prosecution for past conduct, sufficient injury has not been found to warrant injunctive relief". *Steffel* 415 U.S. at 463, n.12 (emphasis added). This comes as no surprise, since by definition the challenger has already committed his/her past conduct. Thus, the allegedly unconstitutional statute has not prevented the challenger from engaging in the proscribed conduct; the only remaining issue in this scenario is whether the statute proscribing the past conduct can constitutionally penalize the challenger. The challenger is not irreparably harmed because if the statute is ultimately upheld as constitutional, the challenger had already committed the offense before requesting injunctive relief and has not been harmed by the absence of the injunction. By contrast, if the challenged statute is held unconstitutional, the challenger will ultimately succeed in defending his case, again without suffering irreparable harm.

Plaintiffs' in the present case are not urging that under the *Steffel* dicta, one whose past conduct is threatened with criminal prosecution may run to the Federal Courts to seek injunctive relief against criminal prosecution. Instead, Plaintiffs' have alleged, supported by affidavits, that they are not violating H.B.1327, based the effective date of H.B.1327, based on the advice of counsel, and based on dissemination of this Court's admonitions. Thus, the Plaintiffs *sub judice* are suffering irreparable harm because they are not being allowed to exercise their rights to advertise, market and solicit business through truthful communications. More importantly, Plaintiffs are forgoing these constitutional rights at the same time others are interpreting a vague and confusing statute more narrowly, or are assuming its unconstitutionality; and Plaintiffs are thereby losing business to such

2

competitors. This business loss is irreparable in that the Defendant will not be liable for damages to Plaintiffs resulting from the unconstitutionality of H.B. 1327, and there is no adequate remedy at law.

In summary, reading *Steffel* in its entirety suggests that the present Plaintiffs are entitled to injunctive relief.

The Defendant's Memorandum admits that Defendant's counsel "has found no helpful case law on the issue of whether irreparable injury is shown by the chilling effect of the enactment of a criminal statute on a plaintiff's First Amendment rights in the absence of some threat of enforcement." As set forth in Plaintiffs' Memorandum, the test for granting a preliminary injunction is set forth in Fed. R. Civ. P. 65, and focuses on balancing the harms and the lack of an adequate remedy at law. Again, Defendant's Memorandum questions the irreparable injury by suggesting the absence of any "threat of enforcement of House Bill 1327 against Plaintiffs. . . ."

Of course there is no threat of enforcement against Plaintiffs because they are abiding by the provisions of House Bill 1327, to their substantial detriment as set forth in the affidavits attached to Plaintiffs' Original Complaint. If Plaintiffs were to violate House Bill 1327, however, they face committing a third degree felony and loss of their respective medical licenses. As set forth in numerous citations to authority in Plaintiffs' Memorandum, Plaintiffs should not be required to risk imprisonment or loss of livelihood in order to test the constitutionality of House Bill 1327.

### B. Attorney General As Defendant

Defendant's Memorandum raised a new issue not requested by the Court suggesting that the Attorney General is not a proper party to the suit and that Plaintiffs should have joined parties authorized to enforce H.B. 1327.

3

As established at least since *State v. Cook United, Inc.*, 469 S.W.2d 709, 712 (Tex.1971) service of the suit on the Attorney General is a necessary prerequisite to enforcement of any injunction or relief regarding the unconstitutionality of a statute. The Attorney General has the duty to defend the constitutionality of legislative enactments, and as a general proposition takes charge of the litigation defending state statutes.*Id.;* Tex. Gov't Code Ann. §76.006; Tex. R. App. P. 114 & 214; Tex. Const. art.IV, §22; Op.Atty.Gen.966, No.C-782; U.S. v. State of Texas., 680 F.2d 356 (5th Cir.1982)(attorney general enjoyed exclusive right to represent state and retention of other lawyers must be within attorney general's decision and "in subordination" to the attorney general).

In *John L. Hill, Attorney General of Texas v. Texas Water Quality Board*, 568 S.W.2d 738, (Tex.Civ.App. -- Austin, 1978), the attorney general maintained that " he is the chief legal officer of the State of Texas" and that his authority originated in English common law. Moreover, "in addition to the powers conferred and duties imposed upon him by statute, he is clothed and charged with all the common law powers and duties pertaining to his office as well . . . . " *John L. Hill*, 568 S.W.2d at 740. The attorney general in that case further urged that his authority included the power "to institute, conduct, and maintain all such suits and proceedings as he deems necessary for the enforcement of the laws of the state, the preservation of order and the protection of public rights." *Id.*

Plaintiffs would further point to the powers of the Consumer Protection Division of the Office of the Attorney General of Texas, pursuant to the Tex.Bus. & Com. Code §37 which, combined with various private groups, is currently fielding questions regarding illegal telephonic solicitation and investigating complaints of same. It can be assumed that the Attorney General's Consumer Protection Division will enforce violations of H.B. 1327 through referral to and participation with other

4

appropriate legal agencies.

Based on Plaintiffs' understanding of the Defendant's current position, it appears that the Attorney General agrees that it has the duty to defend H.B. 1327 and further agrees that its participation is necessary to adjudication of the constitutionality of H.B. 1327. In substance, however, the Attorney General urges that injunctive relief against the Attorney General/State of Texas may not technically effectuate an injunction against enforcement of H.B. 1327 by numerous local district attorneys, etc. Plaintiffs recognize this dilemma, but respectfully point out that Fed.R.Civ.P.65(d) specifies that the injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, **and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.**" Surely the local district attorneys, the Board of Chiropractic and the Board of Cosmetology may be said to be in "concert or participation" with the State of Texas in terms of enforcing legislative enactments such as H.B. 1327. No one can doubt the Attorney General's constitutional duty and ability to defend the constitutionality of Texas statutes. Thus, the case or controversy is very real and will be vigorously pursued and presented to this Court. Finally, no enforcement officer will be in violation of this Court's injunctive relief until and unless they first receive actual notice of the order. Thus, Plaintiffs maintain that injunctive relief is proper, without any Defendants other that the Attorney General in his official capacity.

C. Motion For Leave To Join Other Defendants

In view of the foregoing, the Attorney General is not only a proper, but a necessary, participant in this proceeding. The Defendant's Memorandum has raised an issue concerning the

/34

enforceability of an injunction against various district attorneys and other enforcement agencies having concurrent and/or exclusive jurisdiction to enforce H.B. 1327. Relevant enforcement agencies would likely include the Texas Chiropractic Board since they have authority relating to revoking chiropractic licenses for crimes of moral turpitude, and the Texas Cosmetology Board, which has similar authority regarding cosmetologists. In light of the cost to all parties, including Plaintiffs, and various municipalities who might be required to retain additional outside counsel, of serving hundreds of named Defendants, and of each such named Defendant then serving other Defendants, Plaintiffs have chosen to only serve the Attorney General who is given the authority and the responsibility to uphold the constitutionality of Texas statutes.

In the event that this Court believes, however, that either representative Defendants or all Defendants within the geographical area where Plaintiffs conduct their business, should be included as additional named and served Defendants, Plaintiffs would request leave of this Court to join such additional Defendants.. Plaintiffs would further point out, however, that many other potential Plaintiffs have inquired about this case, and may be required to intervene if the current Plaintiffs do not serve potential Defendants in areas where other potential Plaintiffs conduct business. The intervention of Plaintiffs from across Texas, together with the addition of the concomitant Defendants in such an expanded geographical territory, is not tempting to Plaintiffs nor their counsel. Nonetheless, given the very grave damages that Plaintiffs are suffering as a result of the current operability of H.B. 1327, Plaintiffs hereby request leave to join whichever class of Defendants this Court may rule is necessary in order to pursue Plaintiffs' constitutional right to disseminate truthful information to potential customers and clients.

Respectfully submitted,

By: _____
MARTYN B. HILL
State Bar No. 09647460
KENT J. PAGEL
State Bar No. 15410900
3150 Two Houston Center
909 Fannin
Houston, Texas 77010
Tel:  (713) 951-0160
Fax:  (713) 951-0662

ATTORNEYS IN CHARGE FOR PLAINTIFFS, MARK BAILEY, D.C., TODD BOYD, D.C., CURTIS COOK, D.C., ALEJANDRO LEAL, d/b/a XCLUSIVE HAIR DESIGNS, ROSA CARTRIGHT, d/b/a RITA'S HAIR DESIGN

OF COUNSEL:

PAGEL, DAVIS & HILL, P.C.
3150 Two Houston Center
909 Fannin
Houston, Texas 77010
Tel:  (713) 951-1060
Fax:  (713) 951-0662

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 1997 a true and correct copy of Plaintiffs' Response to Defendant's Response to Plaintiffs' Motion for Preliminary Injunction has been served by First Class Mail upon Defendant by serving James B. Pinson, Assistant Attorney General, Office of the Attorney General, General Litigation Division, Price Daniel Sr. Bldg., 209 W. 14th & Colorado Streets, Austin, Texas 78711.

_____
MARTYN B. HILL