10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 06 1997

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARK BAILEY, D. C., TODD BOYD, D. C., § <br> CURTIS COOK, D. C., ALEJANDRO LEAL, § <br> ROSA CARTRIGHT, D/B/A RITA'S HAIR § <br> DESIGN d/b/a EXCLUSIVE HAIR DESIGNS, § <br>     Plaintiffs, § <br> § <br> vs. § <br> § <br> DAN MORALES, as Attorney General of the § <br> State of Texas, § <br>     Defendant. § | CIVIL ACTION NO. B-97-206 |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendant, Dan Morales, as Attorney General of the State of Texas, hereby files his original answer to the Plaintiffs' Verified Original Complaint for Declaratory Judgment, Application for Temporary Restraining Order and Motion for Preliminary Injunction and Memorandum (hereinafter "Plaintiffs' Complaint").

The following paragraphs preceding the affirmative defenses are numbered to coincide with the numerical allegations in Plaintiffs' Complaint.

Defendant specifically denies any allegation that is not specifically admitted herein.

### A. JURISDICTION AND VENUE

1. This paragraph contains no fact allegations and therefore can be neither admitted nor denied.

2. The first sentence of this paragraph contains no fact allegations and therefore can be neither admitted nor denied. Defendant denies that enforcement of H.B. 1327 would deprive Plaintiffs of any rights. Defendant admits that Plaintiffs have invoked this Court's jurisdiction under 28 U.S.C. § 1331. Defendant admits that venue is proper in this Court under 28 U.S.C. § 1391. Defendant admits this Court has supplemental jurisdiction over Plaintiffs' claims that the statutes violate the Texas Constitution.

### B. PARTIES

3. Defendant does not have sufficient information to admit or deny the allegations in this paragraph.

4. The first sentence of this paragraph contains no fact allegations and therefore can be neither admitted nor denied. Defendant denies the rest of the allegations in this paragraph and specifically denies that as Attorney General of the State of Texas, he is charged with the enforcement of the Barratry Statute as amended by H.B. 1327.

### C. BACKGROUND

5. Defendant admits the allegations in this paragraph.

6. Defendant denies that H.B. 1327 violates any person's First Amendment rights or rights to equal protection. Defendant denies that H.B. 1327 abridges any person's rights to free speech and free press. Defendant admits the remaining allegations in this paragraph.

### D. H.B. 1327

7. Defendant admits the allegations in this paragraph.

8.      Defendant admits the allegations in this paragraph except that Defendant does not understand what Plaintiffs' reference to "non-public media" means and therefore must deny that the "non-public media" are included within H.B. 1327's prohibitions.

9.      Defendant admits the allegations in this paragraph.

### E. H.B. 1327's ADVERSE EFFECT ON PLAINTIFFS' LIVELIHOOD AND CONSTITUTIONAL RIGHTS

10.     Defendant does not have sufficient information to admit or deny the allegations in this paragraph; however Defendant denies that this Court should enjoin enforcement of H.B. 1327.

11.     Defendant denies that enforcement of H.B. 1327 violates Plaintiff Bailey's constitutional rights or that it will cause immediate and irreparable harm to him or those similarly situated. Defendant does not have sufficient information to admit or deny the remaining allegations in this paragraph.

12.     Defendant does not have sufficient information to admit or deny the allegations in this paragraph.

13.     Defendant does not have sufficient information to admit or deny the allegations in this paragraph.

14.     This paragraph contains no fact allegations and therefore can be neither admitted nor denied.

15.     The first sentence of this paragraph contains no fact allegations and therefore can be neither admitted nor denied. Defendant denies the rest of the allegations in this paragraph.

### PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND MEMORANDUM

16. through 34 [sic]. These paragraphs of Plaintiff's Complaint contain their motion and briefing requesting a temporary restraining order and a preliminary injunction. The issues regarding the temporary restraining order requested by Plaintiffs were argued and ruled upon by the Court at the hearing held in this matter on September 12, 1997, and no factual response is necessary in this answer. Defendant's response to Plaintiffs' request for a preliminary injunction has previously been filed in this case, and no factual response is necessary in this answer.

### REQUEST FOR RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

36. Defendant denies that Plaintiffs are entitled to a temporary restraining order, a preliminary injunction, or a permanent injunction. Defendant denies that the enforcement of H.B. 1327 should be enjoined.

37. Defendant denies that Plaintiffs are entitled to a judgment declaring H.B. 1327 to be in violation of Plaintiffs' and Plaintiffs' clients' rights.

38. Defendant denies that a preliminary injunction should be entered preventing the enforcement of H.B. 1327.

39. Defendant denies that a permanent injunction should be entered preventing the enforcement of H.B. 1327. Defendant denies that H.B. 1327 is unconstitutional. Defendant denies that Plaintiffs should be awarded attorneys' fees, costs, or any other relief requested by them.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs' application for a preliminary injunction be denied; that Plaintiffs' application for a permanent injunction be denied;

that the Court declare H.B. 1327 constitutional; that Defendant be awarded his costs in the defense of this suit; and for such other and further relief to which he is entitled.

                                          Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

LAQUITA A. HAMILTON
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

*[signature]*

JAMES B. PINSON
Texas Bar No. 16017700
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by first-class mail on November 3, 1997, to the following person:

Mr. Martyn B. Hill
3150 Two Houston Center
909 Fannin
Houston, Texas 77010

*[signature: James B. Pinson]*

JAMES B. PINSON
Assistant Attorney General