IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARK BAILEY, D. C. et al. | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-97-206 |
| | § | |
| DAN MORALES, as Attorney General of the | § | |
| State of Texas, | § | |
| Defendant. | § | |

### DEFENDANT'S BRIEF IN RESPONSE TO COURT'S ORDER OF NOVEMBER 13, 1997

TO THE HONORABLE COURT:

Defendant, Dan Morales, as Attorney General of the State of Texas, hereby files his brief in response to the Court's order of November 13, 1997, and shows the following:

### OBJECTION TO INTERLOCUTORY ORDER OF DECLARATORY RELIEF

The Court's Order appears to give notice that the Court may consider granting declaratory relief as part of an interlocutory order on the pending application for preliminary injunctive relief. If such relief is within the Court's contemplation, Defendant objects that preliminary declaratory relief is not authorized by the Declaratory Judgment Act, which allows declaratory relief only as "a final judgment or decree," 28 U.S.C. § 2201. Furthermore, declaratory relief is unnecessary to protect the rights of the parties during the pendency of this case.

### ARGUMENTS AND AUTHORITIES

I. *Plaintiffs have presented no basis in law or fact for the Court to conclude that House Bill 1327 applies to the cosmetologist plaintiffs; and the Act applies only to some of the conduct addressed by the chiropractor plaintiffs.*

The three chiropractor plaintiffs, Mark Bailey, Todd Boyd, and Curtis Cook, and the two cosmetologist plaintiffs, Alejandro Leal and Rosalinda Cartwright, claim to be subject to House Bill

1327 because each is a "professional" as that word is defined in Texas Penal Code section 38.01(12), as added by House Bill 1327. (Pls.' Orig. Complaint at 3.) While chiropractors are expressly subject to House Bill 1327, *see* Tex. Penal Code Ann. § 38.01(12) (Vernon Supp. 1998), licensed cosmetologists are subject to it only if they are "person[s] licensed . . . by a state agency that regulates a health care profession," *id.* Plaintiffs have presented no basis in law or fact for the Court to conclude that either of the cosmetologist plaintiffs in this case is so licensed and therefore is a "professional" subject to House Bill 1327. Plaintiffs have attached affidavits of two of the chiropractor plaintiffs, Mark Bailey and Todd Boyd. Defendant will focus on the conduct addressed in these affidavits and will not analyze the affidavits of the cosmetologist plaintiffs unless Plaintiffs in their briefing show some basis for the application of House Bill 1327 to them.

In Dr. Bailey's affidavit, exhibit B to the complaint, the chiropractor first refers to his visits with senior citizens as a possible violation of House Bill 1327. (This paragraph is partially obliterated in the copy of the complaint served on Defendant but appears to refer to visits to retirement homes to inform senior citizens generally about the benefits of chiropractic care for people suffering from arthritis.) So long as the chiropractor does not speak to any person concerning the possibility of his providing professional services to them unless the person has requested the communication, such visits do not violate House Bill 1327. *See* Tex. Penal Code Ann. § 38.01(11) (Vernon Supp. 1998).

Dr. Bailey next refers to visits to employers in which he requests that the employers refer injured employees to him. Presumably, the employers receive for such referrals nothing of value from Dr. Bailey or anyone acting on his behalf. Dr. Bailey suggests that such referrals may violate House Bill 1327 based on the "economic benefit" that employers receive from the decreased costs to them of chiropractic care for their injured employees (employees arguably return to work faster) as compared to other medical care or no care. While section 38.12(a)(2) of the Texas Penal Code does

Defendant's Response to the Court's Order of November 13, 1997                                            Page 2

/15/

prohibit personal or telephonic solicitation of employment for oneself or another "with intent to obtain an economic benefit," it would be unreasonable to construe that section as applying to an employer's motivation to reduce health care costs or costs associated with absenteeism. "Economic benefit" in a referral situation is a *quid pro quo* that arises from the referral itself.

Dr. Bailey also testifies that he "employ[s] telemarketers to provide information to people who have suffered an injury, or who are burdened with a medical problem." Dr. Todd's affidavit, exhibit C to the complaint, refers to a similar telemarketing practice; he explains that he uses "accident reports, work related injuries and other information" to target "individuals who are more likely to require medical treatment than the population at large." Such conduct appears to violate the House Bill 1327, as it appears to entail investing funds to further the telephonic solicitation of Dr. Bailey's employment as a chiropractor arising out of a particular medical problem. *See* Tex. Penal Code §§ 38.01(11), .12(a)(2)&(b)(2).

Dr. Todd also describes in his affidavit an incident in which he stopped to render aid to an injured motorist but decided not to give his business card to the motorist for fear that he might be prosecuted under House Bill 1327. If he had given the motorist his card, such conduct might be found to constitute in-person solicitation of Dr. Todd's employment as a chiropractor arising out of a particular medical problem in violation of House Bill 1327. *See id.* §§ 38.01(11), .12(a)(2).

  II. *House Bill 1327 does not violate the First Amendment as it limits its application to certain professions only.*

House Bill 1327 is limited to in-person or telephonic solicitation of employment relating to a problem within the scope of a lawyer's, private investigator's, or health care professional's license, registration, or certification. So limited, the statute is a prophylactic measure[] whose objective is the prevention of harm before it occurs." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 464 (1978).

Defendant's Response to the Court's Order of November 13, 1997    Page 3

The State of Texas has substantial interests in protecting the privacy and tranquility of its citizens from invasions of their privacy and undue influence and overreaching by chiropractors and other health-care professionals, as well as lawyers and private investigators, in situations in which citizens are likely to be vulnerable, that is, when they are suffering from injury or illness. House Bill 1327 directly and materially advances the State's interests and is narrowly tailored to advance those interests.

In *Ohralik v. Ohio State Bar Ass'n, id.*, the Supreme Court upheld a state bar rule against in-person solicitation of clients by lawyers for legal gain as applied to a lawyer who solicited business from an accident victim. The Court wrote that in circumstances where the person being solicited is so vulnerable as to make it likely that overreaching or other adverse consequences will result, "the State has a strong interest in adopting and enforcing rules of conduct designed to protect the public from harmful solicitation by lawyers whom it has licensed." *Id.* at 464. Much of the Court's analysis in *Ohralik* is equally applicable to solicitation by lawyers and solicitation by chiropractors:

> [An unsophisticated, injured, or distressed] individual may place his trust in a lawyer [or chiropractor], regardless of the latter's qualifications or the individual's actual need for legal representation [or chiropractic services], simply in response to persuasion under circumstances conducive to uninformed acquiescence. Although it is argued that personal solicitation is valuable because it may apprise a victim of misfortune of his legal rights [or need for medical attention], the very plight of that person not only makes him more vulnerable to influence but also may make advice all the more intrusive. Thus, under these adverse conditions the overtures of an uninvited lawyer [or chiropractor] may distress the solicited individual simply because of their obtrusiveness and the invasion of the individual's privacy, even when no other harm materializes. Under such circumstances, it is not unreasonable for the State to presume that in-person solicitation by lawyers [and chiropractors] more often than not will be injurious to the person solicited.

*Id.* at 465-66 (footnotes omitted).

Telephonic solicitation presents the same opportunities for undue influence and overreaching as discussed in *Ohralik*, which deals only with in-person solicitation. In addition, telephonic solicitation poses serious threats to residential privacy because of the ease with which communication is made and the unique and unpredictable intrusiveness of telephone calls into the tranquility of one's home. *See Minnesota v. Casino Marketing Group, Inc.*, 491 N.W.2d 882, 888 (Minn. 1992), *cert. denied*, 507 U.S. 1006 (1993). Even postal communications--which are arguably less intrusive than telephone calls--are subject to regulation to protect privacy. In *Florida Bar v. Went For It, Inc.*, 515 U.S. 618 (1995), the Supreme Court upheld state bar rules that prohibited lawyers from direct-mail solicitation of personal injury or wrongful death clients within thirty days of an accident. The Court concluded that the mere receipt of a targeted letter in such circumstances caused "outrage and irritation," *id.* at 631, sufficient to constitute a concrete harm to the recipient's privacy. *Id.* at 628-31. *See also Moore v. Morales*, 63 F.3d 358, (5th Cir. 1995) (upholding 1993 amendment to the barratry statute, prohibiting direct-mail solicitation to accident victims within thirty days of the accident, as applied to attorneys).

    III.    *House Bill 1327's criminalization of prohibited conduct as a third-degree felony is not unconstitutional.*

Plaintiffs have not challenged the classification of a violation of House Bill 1327 as a third-degree felony. Defendant will reserve his argument on this third issue for his response to Plaintiffs' brief.

WHEREFORE, Defendant prays that the Court deny Plaintiffs' motion for a preliminary injunction and grant Defendant any other relief he is entitled to receive.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

LAQUITA A. HAMILTON
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division


*/s/ James B. Pinson*

JAMES B. PINSON
Texas Bar No. 16017700
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 facsimile

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by first-class mail on November 26, 1997, to Mr. Martyn B. Hill, 3150 Two Houston Center, 909 Fannin, Houston, Texas 77010.

*/s/ James B. Pinson*

JAMES B. PINSON
Assistant Attorney General