*14*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 5 1997

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MARK BAILEY, D. C. et al. | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-97-206 |
| | § | |
| DAN MORALES, as Attorney General of the | § | |
| State of Texas, | § | |
| Defendant. | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' BRIEF
### REGARDING THE SCOPE AND CONSTITUTIONALITY OF H.B. 1327

TO THE HONORABLE COURT:

Defendant, Dan Morales, as Attorney General of the State of Texas, hereby files his response to Plaintiffs' Brief Regarding the Scope and Constitutionality of H.B. 1327, and shows the following:

Paragraph 7 of Plaintiffs' brief criticizes section 38.12(a)(3) of the Texas Penal Code as being "poorly conceived," yet none of the conduct or desired conduct of the chiropractor plaintiffs that has been presented by allegation or affidavit implicates section 38.12(a)(3). There is no suggestion in Plaintiffs' pleadings or affidavits that the chiropractor plaintiffs provide or desire to provide to prospective patients, free of charge, examinations, adjustments, heat pads, or anything else. For this reason, Plaintiffs have shown no threat of irreparable harm to justify injunctive relief as to section 38.12(a)(3).

Paragraphs 12 and 18, referring to the State's ultimate burden of proof to justify a restriction on commercial speech, imply that the State bears the burden of proof on the pending motion for a preliminary injunction. This is incorrect. Rather, to obtain preliminary injunctive relief, Plaintiffs bear the burden of showing a substantial likelihood of success on the merits, irreparable injury that

ClibPDF - www.fastio.com

outweighs the disruptive harm of the injunction, and compatibility with the public interest.  (Pls.'
Original Complaint at 11, citing *Canal Auth. v. Callaway*, 489 F.2d 567 (5th Cir. 1974); *Allison v.
Froehlke*, 470 F.2d 1123, 1126 (5th Cir. 1972).)  Plaintiffs have failed to carry their burden.  (*See*
Def.'s Resp. Pls.' Mot. Prelim. Inj.; Def.'s Br. Resp. Court's Order Nov. 13, 1997.)

Plaintiffs, who have mounted a facial challenge to House Bill 1327, argue starting in
paragraph 20 that the statute is void for vagueness, but the language of the statute is definite enough
to be known and understood.  Even if Plaintiffs challenged the statute as applied, none of the conduct
the chiropractor plaintiffs desire to engage in presents a situation in which the statute would fail to
give fair notice that such conduct is prohibited.  Any inadequate clarity of the statute in certain
abstract applications to conduct that does not so easily fit its description does not make the statute
unconstitutional for vagueness.  *See Williams v. United States*, 341 U.S. 97, 101 (1951).

WHEREFORE, Defendant prays that the Court deny Plaintiffs' motion for a preliminary
injunction and grant Defendant any other relief he is entitled to receive.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

LAQUITA A. HAMILTON
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

Defendant's Response to Plaintiffs' Brief Regarding the Scope and Constitutionality of H.B. 1327        page 2

062

JAMES B. PINSON
Texas Bar No. 16017700
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by first-class mail on December 4, 1997, to Mr. Martyn B. Hill, 3150 Two Houston Center, 909 Fannin, Houston, Texas 77010.

JAMES B. PINSON
Assistant Attorney General

Defendant's Response to Plaintiffs' Brief Regarding the Scope and Constitutionality of H.B. 1327    page 3

ClibPDF - www.fastio.com