IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARK BAILEY, D.C., et al. | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-97-206 |
| | § | |
| DAN MORALES, as Attorney General | § | |
| of the State of Texas | § | |
| Defendant | § | |
| | § | |
| In His Respective Official Capacity | § | |

United States District Court
Southern District of Texas
FILED

DEC 10 1997

Michael N. Milby, Clerk of Court

## PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF
## REGARDING THE SCOPE AND CONSTITUTIONALITY OF H. B. 1327

TO THE HONORABLE COURT:

　　A. DEFENDANT'S OBJECTION TO INTERLOCUTORY ORDER OF INJUNCTIVE/DECLARATORY RELIEF

　　1.　Plaintiff is unclear as the basis of Defendant's Objection, but 28 U.S.C. §2201 clearly allows this court to declare H. B. 1327 unconstitutional and, the concomitant power thereunder to enjoin enforcement of H. B. 1327 against Plaintiffs and those similarly situated. Otherwise, Plaintiff is not exactly clear what Defendant's complaint is with regard to this issue.

　　B. APPLICATION OF H. B. 1327 TO COSMETOLOGISTS

　　2.　The Defendant has argued that Plaintiffs' have "presented no basis in law or fact for the Court to conclude that either of the cosmetologist Plaintiffs in this case is so licensed and therefore is a 'professional' subject to H. B. 1327." Again, Plaintiffs are not exactly clear whether the Defendant is arguing that Plaintiff has

1

030

failed to present any evidence suggesting that the Plaintiff Cosmetologists indeed hold a Cosmetology License or whether Defendant is arguing that the Cosmetology Board may not constitute a "State Agency that regulates a health care profession." Regarding the first issue, Defendants would simply point to the Affidavits of Plaintiffs Rosa Cartwright and Alejandro G. Leal, both of which state in very clear language that they each hold a Texas Cosmetology Operators License.

3. Therefore, Plaintiffs must assume that Defendant's real complaint is that Plaintiffs have failed to establish that the State Cosmetology Board is, in fact, a state agency that regulates a health care profession. With regard to this issue, the Defendant Attorney General has not provided guidance as to whether Defendant agrees that Cosmetology does not constitute a health care profession or whether they are simply attempting to urge the Court that Plaintiffs have failed to establish that the Cosmetology Regulatory Act constitutes regulation of a health care profession. To begin with, Plaintiffs would simply request that this Court take judicial notice of Tex. Rev. Civ. Stat. Ann. Art. 8451a.Cosmetology Regulatory Act, a copy of which is attached hereto as Exhibit "A". Plaintiffs urge the Court to review Tex. Rev. Civ. Stat. Ann. Art. 8451a Section 1(3) (A-H), which defines Cosmetology to include "stimulating and massaging the scalp, face, neck, or arms by means of the hands, devices, apparatuses, or appliances, cutting of hair, trimming, cleansing or manicuring the nails, attaching, massaging, cleansing, for treating hands or feet of any person, etc." Plaintiffs would simply urge the Court to review these definitions as set forth in Tex. Rev. Civ. Stat. Ann. Art. .8451a in light of H. B. 1327's

application to any person licensed by a "state agency that regulates the health care profession." By comparison, Plaintiffs would also suggest this Court take judicial notice of Tex. Rev. Civ. Stat. Ann. Art. 8851.Occupational Therapy Practices Act.

4. Defendant has succeeded in raising an interest issue in that Plaintiff is not completely certain which occupational licenses constitute the regulation of a health care profession and which licenses do not. Plaintiff suggests that the Cosmetologists are within H. B. 1327, but Plaintiffs cannot find specific language within the Cosmetology Regulatory Act which specifically states that Cosmetology constitutes a health care profession, nor can Plaintiffs find language that states that the Cosmetology Regulatory Act does not regulate a health care profession. The same is true of the Occupational Therapy Practices Act. By contrast, Plaintiffs have also looked at the various statutory provisions within the Texas Health & Safety Code Annotated, but reference to the Texas Health & Safety Code is not very helpful as a starting point since it includes the Texas Department of Health, which regulates asbestos contractors. Are asbestos contractors within the scope of H.B. 1327? While Plaintiffs remain somewhat confused as to the full scope of H. B. 1327, Plaintiffs can only suggest the Defendant has not specifically stated what state agencies fall within the definition as set forth in H. B. 1327 and which agencies are not included within the reaches of H. B. 1327. Nonetheless, Plaintiffs acknowledge that the Defendant has raised yet another issue demonstrating the confusion created by H.B. 1327.

## C. DEFENDANT'S ARGUMENT THAT H. B. 1327 DOES NOT VIOLATE THE FIRST AMENDMENT BECAUSE IT IS LIMITED TO CERTAIN PROFESSIONS IS INACCURATE AND MISLEADING.

5. Defendant has apparently attempted to urge that H. B. 1327 only applies to certain professionals, but Defendant has failed to identify which professionals it applies to. Further, Defendant's citation to *Ohralik v. Ohio State Bar Ass'n,* 436 U. S. 447, 464 (1978) is misleading at best. If the Court reviews the full text of that case in light of the extended quotation as set forth on Page 4 of Defendant's Brief, the Court will immediately recognize that the insertion of bracketed materials is totally contrary to the Court's analysis and precedential value of *Ohralik*. *Ohralik* applies to lawyers, not to chiropractors, and it is misleading for Defendant to add the bracketed text "[or chiropractor]" in an attempt to alter the language of *Ohralik*. Plaintiff assumes that this was done in good faith by Defendant, but it is, nonetheless, extremely misleading.

## D. DEFENDANT'S ARGUMENTS AS IT RELATES TO H. B. 1327'S CRIMINALIZATION OF PROHIBITED CONDUCT AS A THIRD-DEGREE FELONY ARE WHOLLY ABSENT

6. Again, Plaintiffs are not certain as to Defendant's argument that Plaintiffs have not challenged the classification of a violation of H. B. 1327 as a third-degree felony. Paragraph 9 on Page 5 of Plaintiffs' Original Complaint urges that H. B. 1327 is unconstitutional because H. B. 1327 makes truthful communications in violation of H. B. 1327 a third-degree felony, citing Tex. Penal Code Section 38.12(f). Because Plaintiffs have challenged H. B. 1327's criminalization of truthful communications,

Plaintiffs are not certain what else is required under the circumstances. Plaintiffs would simply re-urge the arguments set out in Plaintiffs Original Complaint and in subsequent briefs and memoranda. Further, Plaintiff would point out that Defendant's Original Answer admitted the allegations in Paragraph 9, which constitutes a Judicial Admission that "truthful communications in violation of H. B. 1327's ban on free speech constitutes a third-degree felony."

WHEREFORE, Plaintiffs request that this Court declare H.B. 1327 unconstitutional as both an abridgement of Freedom of Speech and as unconstitutionally vague, issue a permanent injunction against its enforcement, and award Plaintiffs reasonable and necessary attorney's fees pursuant to 42 U.S.C. 1983 & 1988, costs and such other and further relief as Plaintiffs may show themselves justly entitled.

Respectfully submitted,

PAGEL, DAVIS & HILL, P.C.

_____
MARTYN B. HILL
State Bar No. 09647460
KENT J. PAGEL
State Bar No. 15410900
3150 Two Houston Center
909 Fannin
Houston, Texas 77010
Telephone:  713-951-0160
Facsimile:   713-951-0662

ATTORNEYS IN CHARGE FOR PLAINTFFS
MARK BAILEY, D.C., TODD BOYD, D.C.,
ALEJANDRO LEAL, d/b/a XCLUSIVE HAIR

5

DESIGNS and ROSA CARTWRIGHT, d/b/a
RITA'S BEAUTY SALON

OF COUNSEL:

PAGEL, DAVIS & HILL, P.C.
3150 Two Houston Center
909 Fannin
Houston, Texas 77010
Telephone: 713-951-0160
Facsimile: 713-951-0662

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 1997 a true and correct copy of Plaintiff's Response to Defendant's Brief Regarding the Scope and Constitutionality of H. B. 1327 has been served by First Class Mail upon Defendant by serving James B. Pinson, Assistant Attorney General, Office of the Attorney General, General Litigation Division, Price Daniel Sr. Bldg., 209 W. 14th & Colorado Streets, Austin, Texas 78711.

_____
MARTYN B. HILL

25091208.BRIEF.vcl