IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 26 1998

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARK BAILEY, D. C.,TODD BOYD, D. C., § | |
| CURTIS COOK, D. C.,ALEJANDRO LEAL, § | |
| ROSA CARTRIGHT, D/B/A RITA'S HAIR § | |
| DESIGN d/b/a EXCLUSIVE HAIR DESIGNS, § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. B-97-206 |
| vs. § | |
| § | |
| DAN MORALES, as Attorney General of the § | |
| State of Texas, § | |
| Defendant. § | |

## DEFENDANT'S MOTION TO ABSTAIN AND BRIEF IN SUPPORT

TO THE HONORABLE COURT:

Defendant, Dan Morales, as Attorney General of the State of Texas, hereby moves that the Court abstain from exercising jurisdiction in this case on the basis of the principles recognized in *Railroad Commission v. Pullman*, 312 U.S. 496 (1941), and its progeny. Defendant shows the following in support:

### I. BACKGROUND

Plaintiffs, Mark Bailey, Todd Boyd, Curtis Cook, Alejandro Leal, and Rosa Cartwright, are chiropractors (Bailey, Boyd, and Cook) and cosmetologists (Leal and Cartwright) working throughout the State of Texas. Plaintiffs filed this suit on September 4, 1997, seeking a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendant from enforcing the Seventy-fifth Texas Legislature's House Bill 1327, which amended Texas Penal Code sections 38.01 and 38.12 (the "barratry statutes"). Plaintiffs request a declaratory judgment that H.B. 1327 is in violation of Plaintiffs' and Plaintiffs' clients' rights under the First and Fourteenth

Amendments to the Constitution of the United States and article I, sections 3 and 8, of the Texas Constitution.

H.B. 1327 expanded the barratry statutes, which make it a third-degree felony for "professionals" to solicit employment in violation of its provisions. In amending section 38.01(12) of the Texas Penal Code, H.B. 1327 defines a *professional* as "an attorney, chiropractor, physician, surgeon, private investigator, or any other person licensed, certified, or registered by a state agency that regulates a health care profession." *See* Tex. Penal Code Ann. § 38.01(12) (Vernon Supp. 1998). By joining in this action, Plaintiffs Leal and Cartwright (the cosmetologists) implicitly contend that they qualify as persons "licensed, certified, or registered by a state agency that regulates a health care profession." Thus, this case raises the issue of whether the barratry statutes should be interpreted as including cosmetologists. Indeed, Defendant has raised this issue before this motion and still has been shown no authority for the assumption that Plaintiffs Leal and Cartwright are covered by H.B. 1327. (*See* Defendant's Brief in Response to Court's Order of November 13, 1997, at 2).

Plaintiffs claim that H.B. 1327 is unconstitutional because it has a chilling effect on their First Amendment rights to free speech, is void for vagueness, and violates their equal protection rights because it may be enforced in a discriminatory manner. Plaintiffs' vagueness argument is intertwined with their First Amendment claims. Plaintiffs' Original Complaint apparently alleges that H.B. 1327 is vague because it is difficult to determine what conduct it prohibits. Plaintiffs assert that this vagueness chills their First Amendment right to free speech because they are in fear of inadvertently violating the barratry statutes.

As will be shown below, this Court is not the proper forum for the issues of statutory interpretation raised in this case, and thus, in accordance with Texas law, this Court should dismiss Plaintiffs' action. Because of the new amendments to the barratry statutes, these issues of

Defendant's Motion to Abstain and Brief in Support                                                                                                Page 2

applicability are questions of first impression for the courts. Therefore, state court is the appropriate forum for resolving any possible ambiguity.

## II. ABSTENTION IS PROPER

Under the *Pullman* abstention doctrine, a federal court may defer ruling on a federal constitutional challenge to a state statute if there is an ambiguity in state law, which, if narrowly construed, would obviate the necessity of reaching the constitutional question. *See Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 500 (1941) ("In the absence of any showing that these obvious methods for securing a definitive ruling in the state courts cannot be pursued with full protection of the constitutional claim, the district court should exercise its wise discretion by staying its hands."). The Supreme Court of the United States has stated that "[f]ederal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 236 (1984). "In the service of this doctrine, . . . no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them." *Harrison v. N.A.A.C.P.*, 360 U.S. 167, 176 (1959) (involving a barratry statute).

Plaintiffs' void-for-vagueness argument that the amended barratry statutes do not provide reasonable notice as to what actions constitute violations and the issue of whether cosmetologists fall within the statutory prohibitions are unsettled questions that must be resolved before the constitutional question is reached. A declaration as to which persons and what conduct falls within the ambit of the barratry statute amendments would resolve any vagueness concerns. Therefore, this case is appropriate for review in the state courts, and this Court should abstain from hearing any

Defendant's Motion to Abstain and Brief in Support                                                                                  Page 3

issue in this lawsuit until the ambiguity has been resolved. *Pullman*, 312 U.S. at 500.

One purpose of abstaining from ruling on an issue until it is decided by the state is to avoid ruling on a federal constitutional issue when that issue may, in fact, be moot. *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962 (5th Cir. 1993). In *Word of Faith*, the Fifth Circuit stated:

> *Pullman* abstention was appropriate here where "unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided" because "the state courts may interpret [the] challenged state statute[s] so as to eliminate or at least to alter materially, the constitutional question presented."

*Id.* at 968 (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 29 (1987)). This doctrine not only "spares the federal court of unnecessary constitutional adjudication" but also "serves the policy of comity inherent in the doctrine of abstention." *Harrison*, 360 U.S. at 177.

*Pullman* abstention "is a means of postponing federal jurisdiction to obtain a definitive state resolution of ambiguous state law issues only when to do so will not destroy the rights of the parties and will avoid the possibility of unnecessarily deciding a federal constitutional question." *Nissan Motor Corp. in U.S.A. v. Harding*, 739 F.2d 1005, 1011 (5th Cir. 1984). Because a Texas state court cannot grant declaratory relief under state law when a federal court still has jurisdiction over the federal claims, the proper way to order *Pullman* abstention for a district court in Texas is to dismiss the action rather than the ordinarily proper course of staying the federal suit and remanding with instructions to retain jurisdiction. *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 88 & n.14 (1975). This case should be dismissed without prejudice so that any remaining federal claim may be raised in a federal forum after the Texas courts have been given the opportunity to address the amended language found in H.B. 1327. *Id.* at 88-89 (citing *England v. Louisiana State Bd. of Med. Exam'rs*, 375 U.S. 411, 421-22 (1964)).

## III. CONCLUSION AND PRAYER

Because this case falls squarely within the principles of *Pullman* and its progeny, this Court should abstain and allow the Texas courts to interpret H.B. 1327 before addressing the federal question.

WHEREFORE, Defendant prays that the Court grant this motion for abstention and dismiss this case without prejudice.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DAVID A. TALBOT, JR.
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

JAMES B. PINSON
Texas Bar No. 16017700
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 20, 1998, I conferred with Mr. Martyn B. Hill, attorney of record for Plaintiffs. Counsel cannot agree on the disposition of this motion.

_____
JAMES B. PINSON

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent by first-class mail on May 20, 1998, to the following person:

Mr. Martyn B. Hill
Pagel, Davis & Hill
909 Fannin Street, Suite 3150
Houston, Texas 77010

_____
JAMES B. PINSON