IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 09 1998

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARK BAILEY, D. C., TODD BOYD, D.C., § | |
| CURTIS COOK, D.C., ALEJANDRO LEAL, § | |
| ROSA CARTWRIGHT, d/b/a RITA'S HAIR § | |
| DESIGN, d/b/a XCLUSIVE HAIR DESIGNS § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. |
| § | |
| DAN MORALES, as Attorney General § | |
| of the State of Texas, § | B-97-206 |
| Defendant § | |
| § | |
| In his Respective Official Capacity. § | |

## PLAINTIFFS' MOTION TO SET HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs and file this their Motion to Set Hearing on Defendant's Motion to Abstain and would further represent:

1. This case was originally filed on September 4, 1997, which included Plaintiffs' Verified Original Complaint for Declaratory Judgment, Application for Temporary Restraining Order and Motion for Preliminary Injunction and Memorandum.

2. Based on requests by the Court, the Plaintiffs and the Defendant have filed supplemental legal authority with the Court during September, October, November and December, 1997.

3. It has been seven months since Plaintiffs filed their Motion to Set Hearing on October 22, 1997 and almost six months since the last legal authority was filed with this Court by any Party.

4. Plaintiffs respectfully request that this Court set a Hearing at the earliest possible convenient

time for the reasons as set out in the Plaintiffs' Opposition to Defendant's Motion to Abstain and as set out in subsequent pleadings by Plaintiffs.

5. Again, Plaintiffs urge this Court to set a Hearing on Defendants' Motion to Abstain at the earliest possible convenient time.

WHEREFORE PREMISES CONSIDERED Plaintiffs pray that this Motion to Set Hearing be granted.

Respectfully submitted,

By: _____
MARTYN B. HILL
State Bar No. 09647460
KENT J. PAGEL
State Bar No. 15410900
1415 Louisiana, 22nd Floor
Houston, Texas 77002
Tel:   (713) 951-0160
Fax:   (713) 951-0662

ATTORNEYS IN CHARGE FOR PLAINTIFFS, MARK BAILEY, D.C., TODD BOYD, D.C., CURTIS COOK, D.C., ALEJANDRO LEAL, d/b/a XCLUSIVE HAIR DESIGNS, ROSA CARTWRIGHT, d/b/a RITA'S HAIR DESIGN

OF COUNSEL:

PAGEL, DAVIS & HILL, P.C.
1415 Louisiana, 22nd Floor
Houston, Texas 77002
Tel:   (713) 951-1060
Fax:   (713) 951-0662

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 1998 a true and correct copy of Plaintiffs' Motion to Set Hearing on Defendant's Motion to Abstain has been served by First Class Mail upon Defendant by serving James B. Pinson, Assistant Attorney General, Office of the Attorney General, General Litigation Division, Price Daniel Sr. Bldg., 209 W. 14th & Colorado Streets, Austin, Texas 78711.

_____
MARTYN B. HILL

Motion to Set Hearing/Order-Abstain

014

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 09 1998

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARK BAILEY, D. C., | § | |
| TODD BOYD, D. C., CURTIS COOK, D.C., | § | |
| AND ALEJANDRO LEAL, | § | |
| d/b/a XCLUSIVE HAIR DESIGNS and | § | |
| RITA CARTRIGHT, d/b/a RITA'S | § | |
| BEAUTY SALON      Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| DAN MORALES, as Attorney General | § | |
| of the State of Texas | § | B-97-206 |
|            Defendant | § | |
| | § | |
| In his Respective Official Capacity. | § | |

## OPPOSITION IN RESPONSE TO DEFENDANT'S MOTION TO ABSTAIN

TO THE HONORABLE COURT:

Plaintiffs, Mark Bailey, D.C., et al., oppose Defendant Dan Morales', as Attorney General of the State of Texas, Motion to Abstain and in support thereof would show as follows:

### I. BACKGROUND

This case was originally filed on September 4, 1997 as a Verified Original Complaint for Declaratory Judgment, Motion for Temporary Restraining Order, and Motion for Preliminary Injunction and Memorandum.

Shortly thereafter, the Attorney General for the State of Texas, Defendant herein, filed its Original Answer. The Defendant's Original Answer admitted invocation of this Court's jurisdiction under 28 U.S.C. § 1331 and further admitted that the venue is proper in this Court under 28 U.S.C. § 1391. However, approximately two months after this case was filed, this Court determined that it had jurisdiction and would, accordingly, consider the declaratory judgment relief requested by

Plaintiffs. The Court further instructed both parties to submit briefs on the substantive issues regarding the scope of the statute in question (the "Act"), Plaintiff's First Amendment Rights and whether the Act's criminalization as a Third Degree Felony of certain conduct is constitutional. Defendant and Plaintiffs submitted responsive Briefs pursuant to the Court's instructions and it is incredible that seven months later Defendants now move the Court to undertake discretionary abstention under the theory that the state law has just recently been determined as unclear.

Plaintiffs' Original Complaint clearly set out the Act's infringement of Plaintiffs' constitutional right to free speech. While it has become increasingly unclear as to whether the challenged conduct applies to cosmetologists, Plaintiffs in this case include both cosmetologists and chiropractors. There is no possible interpretation of the Act that would avoid a judicial determination of the federal question regarding whether the prohibition on truthful, non-deceptive speech by individuals licensed under a health care agency survives such constitutional challenge. Thus, this is not a case where abstention under the *Pullman* Doctrine even if it had been urged from the outset. Abstention is entirely discretionary and is limited to extraordinary or very narrow circumstances. *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244 (1976); *Quackenbush v. Allstate Insurance Company,* 116 S.Ct. 1712, 1726-27 (1996).

Moreover in this case, the Defendants have waited over seven months to make such allegation and do not refer this Court nor the Plaintiff to any state court action regarding an interpretation of the scope of individuals stifled by the Act. While no one doubts that this is an extremely poorly drafted statute, no interpretation of the Act would make it constitutional as set forth in Plaintiff's Original Complaint. The issue of how broad of a group of Plaintiffs or potential Plaintiffs that this Statute applies to has no relevance to the *Pullman* Abstention Doctrine, and most certainly is not applicable under the circumstances where the Defendant waits almost nine months

to even raise the issue of discretionary abstention.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs urge this Court to set this matter for a Hearing in order to fully consider the issues and preserve Plaintiffs' rights, and upon full consideration to deny the Motion, and for such other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

By: _____
MARTYN B. HILL
State Bar No. 09647460
KENT J. PAGEL
State Bar No. 15410900
1415 Louisiana, 22nd Floor
Houston, Texas 77002
Tel: (713) 951-0160
Fax: (713) 951-0662

ATTORNEYS IN CHARGE FOR PLAINTIFFS, MARK BAILEY,D.C., TODD BOYD,D.C., ALEJANDRO LEAL, d/b/a XCLUSIVE HAIR DESIGNS and ROSA CARTRIGHT, d/b/a RITA'S BEAUTY SALON

OF COUNSEL:

PAGEL, DAVIS & HILL, P.C.
1415 Louisiana, 22nd Floor
Houston, Texas 77002
Tel: (713) 951-1060
Fax: (713) 951-0662

## CERTIFICATE OF SERVICE

    I hereby certify that on this 8th day of June, 1998 a true and correct copy of Plaintiffs' Opposition in Response to Defendant's Motion to Abstain has been served by First Class Mail upon Defendant by serving James B. Pinson, Assistant Attorney General, Office of the Attorney General, General Litigation Division, Price Daniel Sr. Bldg., 209 W. 14th & Colorado Streets, Austin, Texas 78711.

_____
MARTYN B. HILL

Oppose Abstention