United States District Court
Southern District of Texas
ENTERED
JUL 22 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUL 21 1998
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARK BAILEY, D.C., TODD BOYD, D.C., § <br> CURTIS COOK, D.C., ALEJANDRO LEAL, § <br> ROSA CARTWRIGHT, d/b/a RITA'S HAIR § <br> DESIGN, d/b/a XCLUSIVE HAIR DESIGNS § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> DAN MORALES, as Attorney General § <br> of the State of Texas, § <br> Defendant. § | Civil Action No. B-97-206 |

## ORDER

Before the Court is the Plaintiffs' Verified Original Complaint for Declaratory Judgment, Application for Temporary Restraining Order and Motion for Preliminary Injunction. Chiropractors and Cosmetologists, the Plaintiffs in this case complain that they have been deprived of their constitutional rights through the enactment of recent amendments to the Texas Penal Code, §§38.01 & 38.12 under H.B. 1327. The legislation bars a "professional" from communicating with a prospective client, in person or by telephone, about a particular occurrence or event or an existing problem, unless the prospective client or a member of the prospective client's family has requested or initiated the communications. The parties were ordered to brief this Court as to whether the Act in question prohibited the conduct addressed in the Plaintiff's Original Complaint, and whether the Act itself as well as the criminalization of the Act offends the United States Constitution. Though it was not thoroughly addressed by either side, the issue of "ripeness" is a concern, but the Court chooses to proceed as to whether the enactment is constitutional.

From what has been submitted to the Court, it is difficult to assess the profession of cosmetology as being a state agency that regulates the health care profession, and therefore Cosmetologists should not be subjected to the provisions of the solicitation legislation. This Court finds no reason to further address the claims made on behalf of the cosmetologists.

The Chiropractors claim that the new law limits their freedom to conduct business and affects their constitutional rights to engage in the following:

1) Visits to senior citizen centers to make the people aware of how chiropractic care can help them.

2) Contacting numerous employers regarding injuries to employees so as to inform the employer about benefits of chiropractic care and how it would positively impact an employee's return to work.

3) Employing telemarketers to provide information to people who have suffered an injury about how they might benefit from chiropractic care. This marketing is based on auto accident reports, work related injury reports and other information which might identify a person in need of chiropractic care.

4) Informing someone at the scene of an accident which a chiropractor has witnessed, about the benefits of chiropractic care.

Upon considering the above conduct and the parties' briefs regarding these issues, this Court agrees with the State that visits to senior citizen centers and contacting employers in order to inform them generally about the benefits of chiropractic care would not be violative of the provisions of the Act, provided that the centers and employers are not receiving any type of compensation from the chiropractors. The use of telemarketers to identify and contact individuals who have a particular injury which may benefit from chiropractic

treatment clearly constitutes a communication which the Act prohibits, as does soliciting business at the scene of an accident. Further, like any other person chiropractors are not precluded from rendering aid at the scene of an accident.

The Court will now proceed to address the constitutionality of law in question with respect to the chiropractors' claims. In accordance with the traditional standards for the issuance of injunctive relief the Plaintiffs must show:

a) A substantial likelihood that Plaintiffs will prevail on the merits;

b) A substantial threat that Plaintiffs will suffer irreparable harm if the injunction is not granted;

c) The threatened injury to Plaintiffs outweigh the possible harm of the injunction to the Defendant; and

d) The issuance of injunctive relief will not be adverse to the public interest. *Canal Authority of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974).

In order for the Plaintiffs to satisfy its burden of substantial likelihood of success on the merits, they must demonstrate that the commercial speech is protected by the First Amendment and that the governmental regulation meets the following criteria:

1) the governmental interest in regulating the commercial speech must be substantial;

2) the regulation must directly advance the governmental interest asserted; and

3) the regulation must be no more extensive than necessary to serve that substantial government interest. *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.,* 447 U.S. 557, 566 (1980).

The regulation in question prohibits a chiropractor from communicating with a prospective client, in person or by telephone, about a particular occurrence or event or an

existing problem, with some exceptions. The Supreme Court has considered the constitutionality of state laws which prohibit lawyers from engaging in direct, personal solicitation of prospective clients, and has held that such regulation does not infringe upon the free speech guarantees of the First Amendment. *Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447 (1978). After reviewing the *Central Hudson Gas* factors with respect to chiropractors, this Court finds that the inclusion of chiropractors advances and serves a substantial government interest, in that this type of regulation "protects an individuals privacy, reduces the likelihood of overreaching and the exertion of undue influence on lay persons and avoids situations where a professional's judgment may be clouded by his own pecuniary self-interest." *Ohralik* at 461. An attorney's client and a chiropractor's patient are identical in legal character, and therefore if a person is protected from attorney solicitation, it is consistent that such protection encompass chiropractors. This new enactment advances a governmental interest and does not infringe upon the right to free speech so as to violate the First Amendment of the Constitution.

The Plaintiffs further complain that the new statute is void for vagueness in violation of a person's Due Process rights secured by the Fourteenth Amendment. An enactment of law is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972). This Court has thoroughly reviewed and studied the new law and therefore, cannot hold that the legislation as written violates a constitutional right for vagueness reasons.

The final issue which concerns this Court is whether this Act's criminalization, as a third degree felony, infringes upon a constitutional right. Historically, even at common law,

barratrous conduct has been criminalized and such criminalization has withstood constitutional attack. Barratry by solicitation has been criminalized in the State of Texas since 1901. *State of Texas v. Mays,* 967 S.W.2d 404, 408 (Tex. Crim. App., 1998). The Florida Supreme Court held that "the legislature, drawing upon its knowledge of conditions inimical to the public welfare in the community and perceiving that solicitation of legal business by an attorney or by others in privity with him and acting in his behalf represents a social evil which for many years had been denounced as an unethical practice in the legal profession, had constitutional power to make such practice a criminal offense." *State ex rel. Farber,* 183 So.2d 537, 540 (Fla. 1966), *cert. denied.* Moreover, as the Supreme Court held in *Ohralik,* certain conduct is subject to regulation in furtherance of important state interests. *Ohralik* at 459.

Accordingly, it is ORDERED, ADJUDGED and DECREED that the Plaintiffs' Verified Original Complaint for Declaratory Judgment, Application for Temporary Restraining Order and Motion for Preliminary Injunction should be and are hereby DENIED.

Further, all pending Motions are hereby DENIED and the Defendant is hereby instructed to prepare a Final Order which conforms to the Court's opinion.

Done this 21st day of July, 1998, in Brownsville, Texas.

Filemon B. Vela
United States District Judge

011